IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00528-PAB-MJW

RONALD W. THWEATT,

Plaintiff(s),

v.

THOMAS C. FISHER, M.D., Buena Vista Correctional Complex, and
RONDA KATZENMEYER, H.S.A., Buena Vista Correctional Complex,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion to Request Court Documents and Notice of Intent to Redact Transcripts (docket no. 77) is GRANTED IN PART AND DENIED IN PART.

The Pro Se Incarcerated Plaintiff asserts in the subject motion (docket no. 77) that he did not receive a copy of this court's Order Regarding Plaintiff's Motion for Appointment of Counsel (docket no. 46). This court sent a copy of such Order (docket no. 46) *via* U.S. Mail to the Pro Se Incarcerated Plaintiff back on October 25, 2011, and it was not returned to this court by the U.S. Postal Service. Nevertheless, this court finds that another copy of my Order (docket no. 46) should be re-mailed to the Pro Se Incarcerated Plaintiff. Accordingly, the portion of the subject motion (docket no. 77) that requests another copy of this court's Order (docket 46) is GRANTED. The Clerk of Court shall re-mail a copy of my Order (docket no. 46) to the Pro Se Incarcerated Plaintiff.

In addition, the portion of the subject motion (docket no. 77) asking this court to accept for filing Plaintiff's notification of intent to redact personal identifiers from the transcript of the 12/7/2011 Status Conference Hearing is GRANTED to the extent that the Plaintiff's notification is accepted for filing with this court. The court, however, has reviewed the subject transcript *in camera* and finds that there are no such personal identifiers regarding the Plaintiff in the transcript.

The portion of the subject motion requesting that the Plaintiff be provided with a copy of the transcript of the December 7, 2011, Status Conference Hearing promptly and at no cost is DENIED. Plaintiff's *in forma pauperus* status does not entitle him to a

2

transcript of that sort at no cost.  See 28 U.S.C. § 1915(c) (which provides for payment of certain transcripts by the United States, not applicable here).  If a party seeks a transcript before the 90-day deadline for electronic posting on PACER, the party must make the necessary arrangements, including payment, to purchase the transcript from Avery/Woods Reporting Service, Inc., 455 Sherman Street, Suite 250, Denver, CO 80203, (303) 825-6119.

The portion of the subject motion (docket no. 77) that seeks an Order from this court to "Help ensure that Plaintiff receives all Court documents which are necessary to Plaintiff and to which Plaintiff is entitled, promptly and at no cost (first issuance only) [sic]" is DENIED.  Plaintiff is already on the court's mailing list for all orders filed by this court.

DATE:  February 15, 2012